**SIGNED THIS: May 21, 2007**

_Mary F. Gorman_
_____

**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| WILLIAM JAMES CLAYTON and | ) | |
| KATHLEEN LOUISE CLAYTON, | ) | Case No. 05-75777 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY D. RICHARDSON, | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-7194 |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

# O P I N I O N

This matter is before the Court on a Motion for Summary

Judgment in a preference avoidance adversary matter. This Court

has jurisdiction over this core adversary proceeding pursuant to the provisions of 28 U.S.C. §§157(b)(2)(F) and 1334, and 11 U.S.C. §547.

On October 6, 2005, William James Clayton and Kathleen Louise Clayton ("Debtors") filed their voluntary Chapter 7 petition in bankruptcy.  Jeffrey D. Richardson ("Plaintiff") was appointed and serves as Trustee of Debtors' bankruptcy estate.  MBNA America Bank, N.A. ("Defendant") is listed on Debtors' Schedule J as a joint unsecured creditor with a debt of $49,935.35.  Debtors made three payments to Defendant totaling $2,818.87 within 90 days preceding their bankruptcy filing.[1]

On September 26, 2006, Plaintiff filed the Complaint giving rise to this adversary proceeding.  Because the Defendant failed to answer, a default judgment was entered against it on December 7, 2006.  On December 16, 2006, the Defendant filed a Motion to Vacate the default judgment.  Plaintiff did not object, and the Motion was granted on January 4, 2007.  On January 8, 2007, Defendant filed its Answer.  The facts set forth above are alleged by Plaintiff in his Complaint and admitted by Defendant in its Answer.

In his Complaint, Plaintiff contends that the payments made by Debtors to Defendant during the preference period were made while

_____

[1]

    Though is hardly bears mentioning, Plaintiff's Complaint
alleges that the amount in question is $2,818.00 rather than
$2,818.87.  The exhibits filed with Defendant's Answer demonstrate
that the latter figure is correct.

the Debtors were insolvent and allowed the Defendant to receive a

greater amount than the Defendant would have received had the

payments not been made or if the Defendant had received a pro-rata

distribution with other unsecured creditors in this case.

Accordingly, Plaintiff contends that the transfers are avoidable

preferences under 11 U.S.C. §547.  In its Answer, Defendant denies

these contentions.

On January 12, 2007, Plaintiff filed his Motion for Summary

Judgment.  Defendant filed a Response on March 14, 2007, and

Plaintiff filed a Reply on March 26, 2007.  The matter was then

taken under advisement by the Court.

In order to prevail on a motion for summary judgment, a

plaintiff must meet the statutory criteria set forth in Rule 56 of

the Federal Rules of Civil Procedure, made applicable to adversary

proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule

56(c) states in part as follows:

> [T]he judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any,
> show that there is no genuine issue as to any material
> fact and that the moving party is entitled to a judgment
> as a matter of law.

Fed.R.Civ.P. 56(c).  *See also* Dugan v. Smerwick Sewerage Co., 142

F.3d 398, 402 (7th Cir. 1998).  The primary purpose for granting a

summary judgment motion is to avoid unnecessary trials when there

is no genuine issue of material fact in dispute.  Trautvetter v.

Quick, 916 F.2d 1140, 1147 (7th Cir. 1990);  In re JII Liquidating,

Inc., 341 B.R. 256, 263 (Bankr. N.D. Ill. 2006) (citations omitted).   The burden is on the moving party to show that no genuine issue of material fact is in dispute. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).   All reasonable inference drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion.   <u>Parkins v. Civil Constructors of Illinois, Inc.</u>, 163 F.3d 1027, 1032 (7th Cir. 1998).   "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial."   <u>Lohorn v. Michal</u>, 913 F.2d 327, 331 (7th Cir. 1990).

The Local Rules of United States District Court for the Central District of Illinois apply to proceedings before this Court. *See* CDIL-LR1.1(C).  The pleading requirements for motions for summary judgment and related pleadings are set forth in CDIL-LR7.1(D), which provides in part as follows:

Rule 7.1(D)      <u>Summary Judgment</u>

All motions for summary judgment and responses and replies thereto shall comply with the requirements of this rule. Any filings not in compliance may be stricken by the court. The consequences for failing to comply are discussed thoroughly in <u>Waldridge v. American Hoechst Corp.</u>, 24 F.3d 918 (7th Cir. 1994).   Motions for

extension of time to file a motion for summary judgment or a response or a reply thereto will not be looked upon with favor; such motions may be summarily denied unless they are filed within the original time allowed by this rule or by the scheduling order.

    (1)  <u>Motions for Summary Judgment</u>

Any party filing a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and the scheduling order entered in the case, shall include in that motion the following sections with appropriate headings:

    (a)  <u>Introduction</u>:

Without citations, briefly summarize the legal and factual basis for the motion and the exact relief sought.

    (b)  <u>Undisputed Material Facts</u>

List and number each undisputed material fact which is the basis for the motion for summary judgment. Include as exhibits to the motion all relevant documentary evidence. For each fact asserted, provide citations to the documentary evidence that supports it appropriately referencing the exhibit and page.

**<u>A WORD OF CAUTION:</u>** Material facts are only those facts which bear directly on the legal issue raised by the motion.

    (c)  <u>Argument</u>:

Under an appropriate subheading for each separate point of law, explain the legal point, with citations to authorities, and why or how the application of that point to the undisputed material facts entitles movant to the relief sought.

-5-

(2)   Response to Motion For Summary Judgment:

Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response.   A failure to respond shall be deemed an admission of the motion.   The response shall include the following sections with appropriate headings:

(a)   Introduction:

Without citations, briefly summarize the legal and factual basis for opposition to the motion and the exact relief sought.

(b)   Response to Undisputed Material Facts:

In separate subsections state the following:

(1)   Undisputed material facts:

List by number each fact from Section B of the motion for summary judgment which is conceded to be undisputed and material.

(2)   Disputed Material Facts:

List by number each fact from Section B of the motion for summary judgment which is claimed to be disputed.   Each such claim of disputed fact shall be supported by evidentiary documentation referenced by specific page. Include as exhibits all cited documentary evidence not already

submitted by the movant.

(3)   Immaterial Facts:

List by number each fact
from Section B of the
motion for summary
judgment which is claimed
to be immaterial and the
reason for such claim.

(4)   Additional Material
Facts:

List and number each
additional material fact
raised in opposition to
the motion for summary
judgment.     Each
additional fact shall be
supported by evidentiary
documentation referenced
by specific page.
Include as exhibits all
relevant documentary
evidence not already
submitted by the movant.

(c)   Argument:

With or without additional citations
to authorities, respond directly to
the argument in the motion for
summary judgment, for example, by
explaining any disagreement with the
movant's explanation of each point
of law, why a point of law does not
apply to the undisputed material
facts, why its application does not
entitle movant to relief or why, for
other reasons, summary judgment
should not be granted.

(3)   Movant's Reply:

Within fourteen (14) days after service of
response, the movant may file a reply.  The
reply shall include the following subsections,

-7-

appropriately titled:

>       (a)  <u>Reply To Additional Material Facts</u>
>
>       List by number the additional facts asserted in Section (b)(4) of the response.  For each fact, state succinctly whether:
>
>> (1)  it is conceded to be material and undisputed,
>>
>> (2)   it is material but disputed, in which case provide citations to e v i d e n t i a r y documentation, attached as   exhibits   and referenced by specific page, or
>>
>> (3)  immaterial, in which case explain the reason.
>
>       (b)  <u>Argument</u>
>
>       Succinctly and directly address any matters raised in the response with which the movant disagrees.  <u>THE REPLY SHALL BE LIMITED TO NEW MATTERS RAISED IN THE RESPONSE AND SHALL NOT RESTATE ARGUMENTS ALREADY RAISED IN THE MOTION</u>.

                    *  *  *  *

CDIL-LR7.1(D)(1)-(3) (emphasis in original).

     The Seventh Circuit has stated that local rules governing summary judgment motions "reflect an attempt to make the parties' respective summary judgment obligations explicit."  <u>Waldridge v. American Hoechst Corp.</u>, 24 F.3d 918, 921 (7th Cir. 1994). Further, the Seventh Circuit has "repeatedly upheld the strict enforcement"

of such local rules, including those of the Central District of

Illinois.   Id. *at* 922.   Neither the Plaintiff's Motion, the

Defendant's Response, nor the Plaintiff's Reply is in a format

which complies with Local Rule 7.1(D).  Consequently, the parties

have made it difficult for the Court to determine what facts, if

any, are legitimately in dispute.

Strict compliance with Local Rule 7.1(D) is necessary and is

expected by this Court.  A court need not scour the record looking

for a dispute or a lack of dispute, and the failure to comply with

the local rules to clearly identify areas of dispute may work

against both parties.  Id.

Section 547(b) of the Bankruptcy Code provides as follows:

> (b)  Except as provided in subsection (c) and (i) of
> this section, the trustee may avoid any transfer of an
> interest of the debtor in property –
>
> (1) to or for the benefit of a creditor,
>
> (2) for or on account of an antecedent
> debt owed by the debtor before such transfer
> was made;
>
> (3)  made while the debtor was insolvent;
>
> (4)  made –
>
>> (A)   on  or  within  90  days
>> before the date of the filing of the
>> petition; or
>
>> (B)   between ninety days and
>> one year before the date of the
>> filing of the petition, if such
>> creditor at the time of such
>> transfer was an insider; and

(5)  that enables such creditor to receive more than such creditor would receive if –

(A)  the case were a case under chapter 7 of this title;

(B)  the transfer had not been made; and

(C)  such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

A transfer of an interest of the debtor in property is preferential and, therefore, avoidable, if it (i) was made to or on behalf of a creditor, (ii) was on account of a pre-existing debt, (iii) was made while the debtor is insolvent, (iv) was made on or within 90 days before the date of filing the petition, and (v) enabled the creditor to receive more than it otherwise would have. Warsco v. Preferred Technical Group, 258 F.3d 557, 564 (7th Cir. 2001); In re Superior Toy & Mfg. Co., Inc., 78 F.3d 1169, 1171 (7th Cir. 1996). The plaintiff has the burden of proof to establish all of the elements by a preponderance of the evidence. 11 U.S.C. §547(g); In re Bullock Garages, Inc., 338 B.R. 784, 790 (Bankr. C.D. Ill. 2006); In re McGuane, 305 B.R. 695, 702 (Bankr. N.D. Ill. 2004); U.S. v. Pullman Const. Industries, Inc., 210 B.R. 302, 306 (N.D. Ill. 1997).

Plaintiff's Motion for Summary Judgment begins with the initial assertion that "[t]he defendant has admitted that within 90

-10-

days of filing of the bankruptcy, the Debtors paid the defendant $2,818.00." In its Response, Defendant argues that Plaintiff has failed to present any evidence of a transfer of an interest of the Debtors in property. Plaintiff made exactly the same factual allegations in Paragraph 5 of his Complaint, however, and those allegations were admitted by Defendant in its Answer. In view of the Defendant's admissions, nothing in Defendant's brief is sufficient to raise an issue of disputed fact as to whether the Debtors transferred $2,818 to the Defendant within 90 days of their bankruptcy filing.

In its Response to Plaintiff's Motion, Defendant also somewhat dubiously suggests that the payments were not "a transfer of Debtors' interest in property" because the Plaintiff "did not produce an admissible copy of any cancelled checks or bank records showing that the Debtors made the alleged preferential transfers from their checking accounts or other personal funds." If Defendant actually had some evidence that the payments made on Debtors' account with Defendant had been made by some third party or from some source other than the Debtors' personal funds, one would expect that the issue would have been particularly raised in Defendant's Answer. It was not raised. Nevertheless, the Plaintiff neither plead in his Complaint nor alleged in his Motion for Summary Judgment that the payments were a transfer of "an interest of the debtor[s] in property". Proof of that fact is

required and, in the absence of any evidence or even the most minimal pleading on the issue, Plaintiff cannot prevail on the issue.   11 U.S.C. §547(b).

Plaintiff also failed to plead in his Complaint that the payments were made on account of antecedent debt, which is another required element of a preference action.   11 U.S.C. §547(b)(2). Plaintiff does, however, make that assertion in his Motion for Summary Judgment and specifically refers to the account statements attached as exhibits to the Defendant's Answer as his proof.   These exhibits clearly show that Debtors maintained a credit card account with Defendant, that the unpaid balance during the six months prior to the bankruptcy filing remained consistently in the $50,000 range, and that the payments made by the Debtors were applied against that balance.   Defendant's assertions that "Plaintiff has not demonstrated how the debt was incurred, when the debt was incurred, when the Debtors became legally obligated to pay the debt, the terms of the account, or that any of the payments were made outside of the terms of the account" do not, without something more, give rise to a disputed material fact.   Id.   Defendant has not come forward with any other characterization of the payments. "The nonmovant may not rest ... upon conclusory statements ...; it must go beyond the pleadings and support its contentions with documentary evidence."   Chemsourse, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997).   No material factual dispute exists

with respect to the issue of antecedent debt.

On the issue of whether Debtors were insolvent at the time the transfers were made, the Bankruptcy Code presumes a debtor to be insolvent, as a matter of law, during the 90 days prior to the bankruptcy petition filing date.   11 U.S.C. § 547(f); *see also* Barash v. Public Finance Corp., 658 F.2d 504, 507 (7th Cir. 1981). This presumption requires the defendant to present evidence to rebut the presumption, but it does not relieve the trustee of the ultimate burden of proof on this element to establish a prima facie case under §547(b).   *See* In re Taxman Clothing Co., Inc., 905 F.2d 166, 168 (7th Cir. 1990) (citations omitted).

Plaintiff has attached to his Motion for Summary Judgment information from the Debtors' schedules to support his contention that the Debtors were insolvent at the time of the transfers. Although the information is bare bones, it is enough to establish insolvency in the absence of any contrary evidence being presented.

Defendant has not presented any contrary evidence, but asserts that it did not have an opportunity to conduct discovery on the issue of insolvency.  Defendant did, however, have from the time it was served in November, 2006, until it filed its Response to the Motion for Summary Judgment in March, 2007, to conduct discovery. This Court granted the Defendant one extension of the briefing schedule on the Motion for the express purpose of allowing the Defendant more time to gather the necessary information to respond

-13-

to the Motion.  The Defendant served no discovery during that time and does not even suggest what discovery it might undertake now to determine whether the Debtors were solvent at the time of the payments.  The Defendant's failure to make any effort to undertake discovery and, accordingly, its failure to suggest any possible factual dispute on the issue of insolvency requires this Court to disregard its arguments on this issue.

Plaintiff also asserts in his Affidavit attached to his Motion that, "[i]f the payments made by the Debtor or Debtors to the defendant in this adversary case had not been paid, the defendant would not have received a 100% dividend on that payment." Plaintiff states that Defendant's claim has been allowed in the amount of $50,666.99.  Total allowed unsecured claims in Debtors' case are $82,238.76.  To date, Plaintiff has collected $12,033, and the only remaining potential recovery in Debtors' case is the $2,818.87 alleged preference which is the subject of this adversary.  Plaintiff asserts that Defendant would not have received 100% of the $2,818.87 if the allegedly preferential payments had not been made, and Defendant does not dispute this fact in its Response to Motion for Summary Judgment.  Accordingly, there is no disputed fact on this issue.

In spite of its argument that there was no transfer of an interest of the Debtors in property, Defendant asserts, as an affirmative defense, that the payments made to Defendant by Debtors

-14-

were made in the ordinary course of dealings between the parties.

Accordingly, Defendant contends that the transfers in question are

not subject to avoidance by the Plaintiff.

The ordinary course of business exception raised by Defendant

is set forth at §547(c)(2) as follows:

>        (c)  The trustee may not avoid under this section a
> transfer--
>
>        (2)  to the extent that such transfer was–
>
>        (A)  in payment of a debt incurred by the
> debtor in the ordinary course of business or
> financial affairs of the debtor and the
> transferee;
>
>        (B) made in the ordinary course of
> business or financial affairs of the debtor and
> the transferee; and
>
>        (C)  made according to ordinary business
> terms(.)

11 U.S.C. §547(c)(2).[2]

The ordinary course of business exception includes both an

objective test, based upon business practices and standards, as

well as a subjective test, based upon the course of dealings

between the debtor and the transferee. Matter of Garofalo's Finer

Foods, Inc., 186 B.R. 414, 428-29 (N.D. Ill. 1995) (citations

omitted).   In determining whether transfers are ordinary in

---

[2]

        The Bankruptcy Abuse Prevention and Consumer Protection Act
("BAPCPA") applies to cases filed on or after October 17, 2005.
Under BAPCPA, the language of 11 U.S.C. §547(c)(2) was revised.
Because Debtors' case was filed on October 6, 2005, however, the
pre-BAPCPA version of 11 U.S.C. §547(c)(2) applies, and the
quotation is to the pre-BAPCPA language.

relation to the past practices of the parties, the Court must look at a number of factors, including the following:

1.   the length of time the parties were engaged in the transactions at issue;

2.   whether the amount or form of tender differed from past practices;

3.   whether the debtor or creditor engaged in any unusual collection or payment activity; and

4.   whether the creditor took advantage of the debtor's deteriorating financial condition.

In re Grand Chevrolet, Inc., 25 F.3d 728, 732 (9th Cir. 1994).

Plaintiff failed to address the Defendant's affirmative defense in his Motion for Summary Judgment other than to state that this Court's unpublished ruling in a prior, unrelated case precludes any finding in this case that the ordinary course of business exception applies.  Plaintiff's position is in error.

The United States Supreme Court's unanimous decision in Union Bank v. Wolas, 502 U.S. 151, 162, 112 S.Ct. 527, 533, 116 L.Ed.2d 514 (1991), held that the ordinary course of business exception may apply to the repayment of long term debt, and this Court is bound by that ruling.  Plaintiff is correct, however, in asserting that Union Bank v. Wolas holds only that payments on long term debt "may" be excepted from preference recovery by reason of an ordinary course of business defense.  A fact specific analysis is still required, however, to actually determine whether the necessary elements of the defense have been established in a particular case.

-16-

The required elements of an ordinary course of business defense were not addressed by either of the parties in their pleadings. Consequently, summary judgment cannot be considered on this issue.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment should be granted in part and denied in part. In summary, this Court finds that the Debtors transferred $2,818.87 to the Defendant within the 90 days prior to their bankruptcy filing and while the Debtors were insolvent. Further, the payments were made on account of antecedent debt and allowed the Defendant to receive more than it would have received in a Chapter 7 liquidation if the transfer had not been made. Summary judgment will be entered on these findings. Summary judgment will be denied as to all other issues.

Nothing in this Opinion should be construed as discouraging the filing of motions for summary judgment. To the contrary, this Court welcomes such motions when appropriate and believes that such motions often provide a cost efficient way to resolve disputes. That is particularly true in cases such as this one where the amounts in controversy are modest and most of the relevant evidence is documentary. The benefits and efficiencies provided by motions for summary judgment are lost, however, when the local rules are not followed. For that reason, this Court must insist on strict compliance with the local rules.

This Opinion is to serve as Findings of Fact and Conclusions

of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###